IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM NEWTON, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE HAWAII INSURANCE CORPORATION,<br><br>Defendant. | Case No. 4:24-cv-00047 |

## NOTICE OF REMOVAL

Defendant Progressive Hawaii Insurance Corporation ("Progressive Hawaii") removes this purported class action from the Circuit Court of Bedford County, Tennessee for the Seventeenth Judicial Circuit to the United States District Court for the Eastern District of Tennessee, Winchester Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, based on the following facts, showing this case may properly be removed to this Court:

1. Plaintiff William Newton ("Plaintiff") filed this case against Defendant Progressive Hawaii Insurance Corporation on March 7, 2024, in the Circuit Court of Bedford County, Tennessee for the Seventeenth Judicial Circuit, Case No. 14235.

2. In the Complaint, Plaintiff alleges that Progressive Hawaii issued his automobile insurance policy, that he was in an automobile accident on or about December 14, 2019, and that Progressive Hawaii determined that his vehicle was a total loss. Compl. ¶ 11. Plaintiff alleges that Progressive Hawaii improperly valued his total-loss claim because it used a valuation system provided by Mitchell International, Inc. ("Mitchell") that applies a Projected Sold Adjustment ("PSA") to determine the value of his total-loss vehicle. *Id.* ¶¶ 16–21. The PSA adjusts an unsold vehicle's sticker price to account for typical negotiation differences between list and sale prices, a

1

practice which Plaintiff contends does not reflect the reality of the used car market, resulting in under-payment of claims. *Id*. ¶¶ 22–28.

3. Plaintiff filed this action on behalf of himself and a putative class of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Hawaii Insurance Corporation, to a Tennessee resident where the claim was submitted from the earliest allowable time through the date of an order granting class certification is entered, and Progressive Hawaii determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle" (the "Putative Class").[1] *Id*. ¶ 50.

4. Based on these allegations, Plaintiff asserts three claims against Progressive Hawaii: breach of contract (Count I), *id.* ¶¶ 59–63; breach of the duty of good faith and fair dealing (Count II), *id.* ¶¶ 65–70; and declaratory judgment (Count III), *id.* ¶¶ 72–76.

5. The Complaint seeks damages on behalf of Putative Class members in the form of (i) compensatory damages in the dollar amount of the purported undervaluation of Putative Class members' vehicles caused by the application of PSAs, (ii) pre-judgment and post-judgment interest, (iii) attorneys' fees and litigation costs and expenses, (iv) and any other relief the Court may deem appropriate. *Id*. at 18 (Prayer for Relief).

---

[1] Plaintiff does not define the "earliest allowable time," but Progressive Hawaii construes it to mean the period allowed under the Tennessee statute of limitations applicable to Plaintiff's claims. The statute of limitations for Plaintiff's claim for breach of contract is six years. *See* Tenn. Code Ann § 28-3-109. The statute of limitations for Plaintiff's claim for breach of the covenant of good faith and fair dealing is also six years. *See McClanahan v. State Farm Life Ins. Co.*, 660 F. Supp. 3d 728, 737 (W.D. Tenn. 2023), *recon. denied*, No. 1:22-CV-01031-STA-JAY, 2023 WL 3587556 (W.D. Tenn. May 22, 2023). The statute of limitations for Plaintiff's claim for declaratory judgment is the same as the underlying cause of action. *See Dehoff v. Att'y Gen.*, 564 S.W.2d 361, 363 (Tenn. 1978). Thus, the earliest allowable Putative Class period begins on March 7, 2018, *i.e.,* six years prior to the filing of this lawsuit on March 7, 2024.

6. Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive Hawaii has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

7. Progressive Hawaii is removing this case to the United States District Court for the Eastern District of Tennessee, Winchester Division, which is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Progressive Hawaii and copy of the state court docket sheet are attached as **Exhibit A**.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Circuit Court of Bedford County, Tennessee for the Seventeenth Judicial Circuit, Case No. 14235.

10. The summons and complaint were never formally served; however, pursuant to Tenn. R. Civ. P. 4.07, Progressive Hawaii executed a waiver of service of summons on May 15, 2024, which was filed with the Court, and is attached as **Exhibit B**.

11. This Notice of Removal is timely as it is filed within 30 days after Progressive Hawaii received a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002) (explaining that the time to remove begins to run at service or waiver of service).

12. As of the date of this removal, no additional pleadings and papers have been filed, and no proceedings have occurred in the Circuit Court of Bedford County, Tennessee for the Seventeenth Judicial Circuit since Progressive Hawaii waived service. *See* Ex. A. Progressive

Hawaii has not filed a responsive pleading. *Id.* Progressive Hawaii hereby reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted. Progressive Hawaii further reserves the right to amend or supplement this Notice of Removal.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

13. The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4 (codified in scattered sections of Title 28 of the United States Code) ("CAFA").

14. As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Hawaii is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in the Complaint and the Declaration of Michael D. Silver, the putative class members' claims put in controversy in excess of $5 million, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Consists of More Than 100 Members.

15. The Putative Class consists of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Hawaii Insurance Corporation, to a Tennessee resident where the claim was submitted from the earliest allowable time through the date of an order granting class certification is entered, and Progressive Hawaii determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle." Compl. ¶ 50.

16. Based on Plaintiff's allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members. *Id*. ¶ 53 ("…Plaintiff is informed and believes that there are thousands of Class members…").

17. Moreover, Progressive Hawaii's investigation of reasonably available data also shows that from March 7, 2018, to August 15, 2022, it settled approximately 16,575 first-party total-loss claims under Tennessee auto insurance policies using the Mitchell valuation system. *See* Declaration of Michael D. Silver ("Silver Decl.") ¶ 3, attached hereto as **Exhibit C**.

18. Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Exists.

19. Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). This element is satisfied here.

20. Plaintiff alleges that Progressive Hawaii's corporate headquarters is in Ohio. Compl. ¶ 12. Progressive Hawaii is also incorporated in Ohio. *See* Silver Decl. ¶ 2 (confirming Progressive Hawaii's Ohio citizenship). As such, Progressive Hawaii is an Ohio citizen.

21. Plaintiff alleges that he is a citizen of Tennessee. Compl. ¶ 11.

22. Thus, there is minimal diversity here, as Plaintiff is a citizen of Tennessee, and Progressive Hawaii is a citizen of Ohio. 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Exceeds $5 Million.

23. Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

5

24. To meet this requirement, "a defendant's notice of removal need only include a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Muszik v. Berkshire Hathaway Homestate Ins. Co.*, No. 3:19-CV-5, 2019 WL 13196995, at *2 (E.D. Tenn. Feb. 21, 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

25. Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

26. Plaintiff alleges that Progressive Hawaii undervalued his total-loss vehicle by at least $779.67 through its use of the PSA, before adding applicable taxes. Compl. ¶¶ 49, 63. Plaintiff further alleges that his claim is "typical of the claims of the proposed Class." *Id.* ¶ 55.

27. Assuming, as Plaintiff alleges, that his claims are typical of the claims of the Putative Class members' claims, the amount of actual damages in controversy due to the PSA allegedly exceeds $12.9 million ($779 PSA applied to Plaintiff's vehicle x 16,575 minimum number of putative Class Members). This is sufficient to satisfy CAFA's amount in controversy requirement.

28. In sum, the factual allegations in the Complaint regarding the compensatory damages Plaintiff seeks on behalf of the Putative Class demonstrate that CAFA's amount in controversy requirement is satisfied here.

### III. CONCLUSION

For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

6

WHEREFORE, Progressive Hawaii respectfully requests that this action be removed from the Circuit Court of Bedford County, Tennessee for the Seventeenth Judicial Circuit to the United States District Court for the Eastern District of Tennessee, Winchester Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

Dated June 12, 2024.

/s/ *Taylor A. Williams*
Taylor A. Williams (TN BPR 028172)
**PAINE, BICKERS, ELDER,**
**KING & WILLIAMS LLP**
900 South Gay Street, Suite 2200
Knoxville, Tennessee 37902
(865) 525-0880
twilliams@painebickers.com

Jeffrey S. Cashdan*
Zachary A. McEntyre*
J. Matthew Brigman*
Erin M. Munger*
Allexia Bowman Arnold*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com
zmcentyre@kslaw.com
mbrigman@kslaw.com
emunger@kslaw.com
aarnold@kslaw.com

Julia C. Barrett*
**KING & SPALDING LLP**
500 W. 2nd Street
Austin, Texas 78701
Telephone: (512) 457-2000
Fax: (512) 457-2100
jbarrett@kslaw.com

*Counsel for Defendant*

* *Pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing has been properly served via email and U.S. Mail, postage prepaid upon the following:

| | |
|---|---|
| J. Gerard Stranch, IV<br>Stranch, Jennings & Garvey, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>gstranch@stranchlaw.com | Scott Edelsberg<br>Christopher Gold<br>Edelsberg Law, P.A.<br>20900 NE 30th Avenue, Suite 417<br>Aventura, FL 33180<br>scott@edelsberglaw.com<br>chris@edelsberglaw.com |
| Andrew J. Shamis<br>Edwin E. Elliott<br>Shamis & Gentile, P.A.<br>14 NE 1st Avenue, Suite 705<br>Miami, FL 33132<br>ashamis@shamisgentile.com<br>edwine@shamisgentile.com | Jacob L. Phillips<br>Jacobson Phillips, PLLC<br>478 E. Altamonte Drive, Suite 108-570<br>Altamonte Springs, FL 32701<br>jacob@jacobsonphillips.com |
| Hank Bates<br>Lee Lowther<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>hbates@cbplaw.com<br>llowther@cbplaw.com | Edmund A. Normand<br>Normand PLLC<br>3165 McCrory Place, Suite 175<br>Orlando, FL 32803<br>ed@normandpllc.com |

This the 12th day of June, 2024.

                                                          */s/ Taylor A. Williams*

                                                          Counsel for Defendant